FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 03 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP/CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BILLY PORTER**                                                                               **PLAINTIFF**

V.                           CASE NO. 4:23-CV-_2-BSM_

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS**                                                     **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Billy Porter, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against Denis McDonough, Secretary of Veterans Affairs, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff Billy Porter brings this action against the Defendant for violations under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12112, and Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee, as a result of Defendant's discriminatory actions toward Plaintiff resulting adverse employment actions, including suspension from his position and an involuntary reassignment to a lesser position.

2. Plaintiff also brings this action for Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee.

3. Plaintiff received inequitable treatment and an adverse employment action as a result of his race, color, sex, age, and disability, and he was retaliated against as a result of his

This case assigned to District Judge _Miller_
and to Magistrate Judge _Kay_

protected EEO activity. He was subject to substantively different working conditions than other employees as result of his race, sex, age, and disability.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA and Title VII.

5. Plaintiff's claims under the ACRA form part of the same case or controversy and arise out of the same facts as the ADA and Title VII claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to discriminatory and retaliatory acts alleged in this Complaint reside in this District.

10. On information and belief, the personnel records and other documents related to the practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is currently a resident and citizen of Jefferson County, Alabama.

13. During his employment with Defendant, Plaintiff was a resident and citizen of Pulaski County, Arkansas.

14. At all material times, Plaintiff has been titled to the rights, protection, and benefits provided under Title VII and ACRA.

15. Defendant Denis McDonough, Secretary of Veterans Affairs, is the official head of the Department of Veterans Affairs, an executive branch department of the federal government that provides healthcare services to military veterans at hospitals, clinics, and centers throughout the country.

16. Defendant can be served to the U.S. Attorney for the Eastern District of Arkansas, at 425 W. Capitol Ave. Suite 500, Little Rock, AR 72201.

17. Defendant Denis McDonough, Secretary of Veterans Affairs is an "employer" within the meanings set forth in ADA, Title VII, and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Plaintiff Porter is a sixty-one year old African-American male.

20. Plaintiff suffers from chronic health conditions that affect his major life activities and qualify as disabilities under the Americans with Disabilities Act.

21. During the relevant time period, Plaintiff was employed as a Supervisory Contract Specialist, GS-1102-13, at the Defendant's Central Network Contracting Office in North Little Rock, Arkansas.

22. On August 5, 2015, Plaintiff filed an EEO complaint alleging discrimination on the bases of race, sex, and disability, as a result of the Defendant's failure to respond to his request for a reasonable accommodation.

23. Defendant responded by offering Plaintiff potential alternative accommodations that failed to accommodate the treatment of his disabling conditions.

24. After filing this EEO complaint, Plaintiff was retaliated against when Defendant failed to select him for the position of Supervisory Contract Specialist (Division Chief) despite his excellent work history, performance appraisals, and extensive experience.

25. On January 7, 2016, Plaintiff filed a second EEO complaint alleging discrimination on the basis of his race, color (black), age, and disability, and retaliation due to his prior protected EEO activity, as a result of being denied the Supervisory Contract Specialist (Division Chief) position.

26. After filing the January 7, 2016, complaint, Plaintiff continued to experience discrimination and retaliation.

27. On January 7, 2016, Plaintiff was directed to go home after falling at work due to his disability. He was ordered to call his supervisor after returning home or he would face disciplinary action.

28. On January 14, 2016, Plaintiff's request for a reasonable accommodation was denied.

29. On April 12, 2016, and April 28, 2016, Plaintiff's requests for advanced sick leave to treat the effects of his disability was denied.

30. On April 22, 2016, Plaintiff was threatened with disciplinary action for forwarding an email to his subordinate employees.

31. On May 4, 2016, Plaintiff was issued an admonishment.

32. On May 6, 2016, Plaintiff's request for a reasonable accommodation was denied, and on May 10, 2016, Plaintiff was ordered to return to duty while on leave for his medical conditions.

33. As a result of the ongoing discrimination, harassment, and retaliation, on March 24, 2016, Plaintiff filed an EEO complaint alleging discrimination on the basis of his race and disability, and retaliation due to his prior protected EEO activity.

34. Defendant's inequitable treatment of Plaintiff continued, causing his health conditions to worsen. Plaintiff requested a reasonable accommodation of teleworking three days a month for four to six months, to allow him to access better medical care in another state.

35. On July 20, 2016, Defendant denied Plaintiff's request for a reasonable accommodation.

36. On July 27, 2016, Plaintiff filed an EEO complaint alleging discrimination on the basis of his race, age, disability, and in retaliation due to his prior protected EEO activity.

37. On January 30, 2017, Plaintiff was suspended for 14 days for allegedly violating the Privacy Act and other laws and regulations pertaining to disclosure.

38. Plaintiff requested a transfer for reassignment to a new position to escape the ongoing hostility in his workplace, which continued to cause a worsening of his health conditions.

39. On January 31, 2017, Defendant denied Plaintiff's request for reassignment as a reasonable accommodation.

40. On February 2, 2017, Plaintiff was involuntarily reassigned to a lesser position (Procurement Technician).

41. On March 3, 2017, Plaintiff's Division Chief discredited Plaintiff by falsely alleging that a contractor contacted the Defendant to complain about his work.

42. In spite of Plaintiff's excellent performance history, Plaintiff was continually subjected to harassment and discrimination, which caused him severe emotional distress and anxiety, along with a worsening of his physical disabilities.

43. Defendant subjected Plaintiff to disparate treatment, including denying him promotions, denying his reasonable accommodation requests and taking disciplinary actions that impacted his present and future career prospects.

44. Plaintiff's peers who were not African American did not experience this treatment.

45. Plaintiff's peers who were not male did not experience this treatment.

46. Plaintiff's younger peers did not experience this treatment.

47. Plaintiff's peers who were not disabled did not experience this treatment.

48. Defendant's reasons for subjecting Plaintiff to this treatment were pretextual and Plaintiff was actually subjected to this treatment as a result of his race, color, sex, age, and disability, and in retaliation for his prior protected EEO complaints.

## V. FIRST CLAIM FOR RELIEF –ADA Claims

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Plaintiff filed timely charges with the Equal Employment Opportunity Commission, which were reviewed and accepted as EEO complaints.

51. A Decision on Request for Reconsideration was issued by the Commission on October 11, 2022, thus exhausting his administrative remedies.

52. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of 42 U.S.C. § 12112.

53. Specifically, and as detailed above, Plaintiff received disparate treatment, including denial of his reasonable accommodation requests and disciplinary actions that impacted his present and future career prospects.

54. Employees in Plaintiff's department who were not disabled did not experience the same treatment.

55. Employees in Plaintiff's department who did not file EEO complaints did not experience the same treatment.

56. The reasons Defendant gave for subjecting Plaintiff to this treatment were pretextual. Plaintiff was treated this way because of his disability and in retaliation for filing EEO complaints.

57. At all relevant times, Plaintiff was an individual with a qualifying disability and he could perform the essential function of the position for which he was hired.

58. Despite his ability to perform the essential function of his job with reasonable accommodations, Plaintiff was denied these accommodations.

59. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and in retaliation for his previous EEO complaints.

60. The unlawful employment practices complained of above were and are intentional.

61. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

62. Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of the ADA plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VI.  SECOND CLAIM FOR RELIEF – Title VII Claims

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff filed timely charges with the Equal Employment Opportunity Commission, which were reviewed and accepted as EEO complaints.

65. A Decision on Request for Reconsideration was issued by the Commission on October 11, 2022, thus exhausting his administrative remedies.

66. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of 42 U.S. Code §2000e-2.

67. Specifically, and as detailed above, Plaintiff received disparate treatment, including disciplinary actions, failure to hire, and a transfer to a lesser position, resulting in financial damages and an adverse employment action.

68. Employees in Plaintiff's department who were not of the same race, color, sex, and age did not experience the same treatment.

69. Employees in Plaintiff's department who did not file EEO complaints did not experience the same treatment.

70. The reasons Defendant gave for subjecting Plaintiff to this treatment were pretextual. Plaintiff was treated this way because of his race, color, sex, and age, and in retaliation for his prior EEO complaints.

71. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

72. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, color, sex, and age.

73. The unlawful employment practices complained of above were and are intentional.

74. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

75. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of Title VII, plus any interest he is entitled to for these causes, because

Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VII. THIRD CLAIM FOR RELIEF – ACRA Claims

76. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

77. Plaintiff filed timely charges with the Equal Employment Opportunity Commission, which were reviewed and accepted as EEO complaints.

78. A Decision on Request for Reconsideration was issued by the Commission on October 11, 2022, thus exhausting his administrative remedies.

79. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

80. Specifically, and as detailed above, Plaintiff received disparate treatment, including failure to provide reasonable accommodations, disciplinary actions, failure to hire, and a transfer to a lesser position, resulting in financial damages and an adverse employment action.

81. Employees in Plaintiff's department who were not of the same race, sex, color, and age did not experience the same treatment.

82. Employees in Plaintiff's department who were not disabled did not experience the same treatment.

83. Employees in Plaintiff's department who did not make EEO complaints did not receive the same treatment.

84. The reasons Defendant gave for subjecting Plaintiff to this treatment were pretextual. Plaintiff was treated this way because of his race, color, sex, age, and disability, and in retaliation for his prior EEO complaints.

85. The reasons Defendant gave for terminating Plaintiff were pretextual. Plaintiff was subject to this treatment because of his race, color, sex, age, and disability, and in retaliation for his prior EEO complaints.

86. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

87. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, color, sex, age, and disability, and because he was retaliated against for previous EEO complaints.

88. The unlawful employment practices complained of above were and are intentional.

89. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

90. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of ACRA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Billy Porter respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) For an order of this Honorable Court entering judgment in his favor against Defendant for actual economic damages in an amount to be determined at trial pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12112;

(B) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e-2 and the related regulations;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(D) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000-e-2, et seq. for all compensation, compensatory, and punitive damages owed Plaintiff;

(E) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(F) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected with this action.

(G) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BILLY PORTER, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law